IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKNAZAR MIRLANOV, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) Case No. 3:26-cv-13 |
| TODD M. LYONS, *Acting Director,* | ) Judge Stephanie L. Haines |
| *Immigration and Customs Enforcement,* | ) |
| *et al.,* | ) |
| | ) |
| Respondents. | ) |

## ORDER

Pursuant to Federal Rule of Civil Procedure 65:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) *specific facts* in an affidavit or a verified complaint *clearly show that immediate and irreparable injury, loss, or damage will result* to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1) (emphasis added). Further, in order to obtain a temporary restraining order (a "T.R.O.") a petitioner must show that: (1) he is likely to succeed on the merits, (2) denial will result in irreparable harm to the petitioner, (3) granting the injunction will not result in irreparable harm to the respondent(s), and (4) granting the injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *Maldonado v. Houston*, 157 F.3d 179, 184 (3d Cir. 1998); *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994) ("The standards for a temporary restraining order are the same as those for a preliminary injunction."). The first two factors, likelihood of success on the merits and irreparable harm, "operate both as essential elements and as factors that guide the exercise of equitable discretion. They are elements because the failure of the moving party to make *either* of those threshold showings is fatal to the issuance of a

preliminary injunction." *Transcontinental Gas Pipe Line Co., LLC v. Pennsylvania Environmental Hearing Board*, 108 F.4th 144, 150 (3d Cir. 2024) (emphasis added).

Here, upon review of Petitioner Aknazar Mirlanov's ("Petitioner") Motion for a T.R.O., ECF No. 2, the Court finds that Petitioner has failed to make a sufficient showing to obtain a T.R.O. at this time.[1] Therefore, IT IS HEREBY ORDERED that Petitioner's Motion at ECF No. 2 is DENIED.

---

[1] The Court takes this opportunity to more fully explain its decision. Petitioner sets forth that he is currently detained by United States Immigration and Customs Enforcement ("ICE") at the Moshannon Valley Processing Center ("MVPC") pursuant to 8 U.S.C. § 1226. ECF No. 3, p. 3. Petitioner makes clear that he is not the subject of a final order of removal and, thus, is not detained pursuant to 8 U.S.C. § 1231. *Id.*

In terms of the relief requested by Petitioner in his Motion for a T.R.O., Petitioner requests that this Court enter an Order: enjoining Respondents from "(i) transferring Petitioner to any detention facility outside this judicial district or outside the United States, including effectuating Petitioner's removal; and (ii) directing that Petitioner remains in his current place of detention during the pendency of these proceedings[.]" ECF No. 2, p. 2.

With respect to Petitioner's request for an Order that both enjoins Respondents from transferring him to a different facility and directs that Petitioner remain in his current place of detention during the pendency of these proceedings, the Court notes that such a request from an alien detainee in custody pursuant to the Immigration and Nationality Act ("INA") raises jurisdictional concerns. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). Indeed, 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security…" And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:

> [T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *Gandarillas–Zambrana v. BIA*, 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS necessarily has the authority to determine the location of detention of an alien in deportation proceedings … and therefore, to transfer aliens from one detention center to another."); *Rios–Berrios v. INS*, 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan*, 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention).

*Sinclair v. Attorney General of U.S.*, 198 F. App'x 218, 222 n.3 (3d Cir. 2006).

Indeed, "Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings… and therefore, to transfer aliens from one detention center to another.'" *Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) (quoting *Gandarillas-Zambrana*, 44 F.3d at 1256). In light of these principles, the Court finds that it does not possess jurisdictional authority to enjoin Respondents

IT IS FURTHER ORDERED that all remaining matters in this case remain referred to the Magistrate Judge for consideration in the first instance.

DATED: January 7, 2026;

BY THE COURT:

/s/ Stephanie L. Haines
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

---

from transferring Petitioner or to direct that Petitioner remain in his current place of detention during the pendency of these proceedings.

With respect to Petitioner's request that this Court issue an Order enjoining Respondents from removing him from the country, Petitioner has clearly pled that he is not the subject of a final order of removal, and he has failed to set forth any facts to suggest that Respondents intend to effectuate his removal at this time. As such, Petitioner has failed to demonstrate concrete and imminent, irreparable harm—a threshold factor for the grant of a T.R.O. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

Indeed, the Supreme Court has indicated that injunctive relief is not appropriate to prevent the possibility of some remote future injury; on this score, the Court wrote:

> Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction. *Los Angeles v. Lyons*, 461 U.S. 95 (1983); *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423 (1974); *O'Shea v. Littleton*, 94 S.Ct. 669 (1974); see also 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, p. 139 (2d ed.1995) (hereinafter Wright & Miller) (applicant must demonstrate that in the absence of a preliminary injunction, "the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered"); *id.*, at 154–[]55[; *O'shea*,] 94 S.Ct. 669 ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury"). Issuing a preliminary injunction **based** only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*).

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008) (cleaned up) (emphasis provided). In other words, "[a] party seeking prospective injunctive relief must demonstrate a real and immediate, i.e., not speculative, threat of future harm." *Louisiana Counseling & Fam. Servs. Inc. v. Mt. Fuji Japanese Rest.*, No. 08-6143, 2014 WL 941353, at *7 (D.N.J. Mar. 11, 2014) (*aff'd sub nom.* in *Brown v. Mt. Fuji Japanese Rest.*, 615 F. App'x 757 (3d Cir. 2015)) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

Therefore, the Court must deny Petitioner's Motion for a T.R.O., ECF No. 2, due to jurisdictional issues and Petitioner's failure to sufficiently demonstrate concrete and imminent, irreparable harm. *See Transcontinental Gas Pipe Line Co., LLC*, 108 F.4th at 150 (explaining that failure to make a showing of either threshold factor is fatal to a request for injunctive relief).